Rabinowitz v Clarke (2024 NY Slip Op 04627)

Rabinowitz v Clarke

2024 NY Slip Op 04627

Decided on September 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 26, 2024

Before: Manzanet-Daniels, J.P., Friedman, Kapnick, Shulman, Pitt-Burke, JJ. 

Index No. 807713/21 Appeal No. 2645 Case No. 2023-06056 

[*1]Jacob Rabinowitz, Plaintiff-Respondent,
v
Simon Clarke, Defendant-Appellant.

Bergstein and Ullrich, New Paltz (Stephen Bergstein of counsel), for appellant.
Joseph A. Altman, P.C., Fleetwood (Joseph A. Altman of counsel), for respondent.

Order, Supreme Court, Bronx County (Elizabeth A. Taylor, J.), entered September 18, 2023, which, to the extent appealed from as limited by the briefs, denied defendant's cross-motion to dismiss the complaint pursuant to CPLR 3211(a)(5) and (7), unanimously affirmed, with costs.
Plaintiff adequately alleged fraud so as to invoke the six-year limitation period under CPLR 213(8). Affording plaintiff the benefit of every possible favorable inference, the complaint alleges that, on October 5, 2016, plaintiff gave defendant $60,000 in furtherance of a real estate investment that defendant led plaintiff to believe was to be a valid transaction for the parties' mutual benefit. These allegations adequately identify, in nonconclusory fashion, "who made the misrepresentations" and "when the misrepresentations were made" (INTL FCStone Mkts., LLC v Corrib Oil Co. Ltd., 172 AD3d 492, 493 [1st Dept 2019]). Even if the complaint lacks clarity in describing "the substance of the misrepresentations" (id.), plaintiff alleges that defendant tricked into paying $60,000 by misrepresenting that defendant would invest the money in real estate. These allegations sufficiently "inform" defendant "with respect to the incidents complained of" (Pludeman v Northern Leasing Sys., Inc., 10 NY3d 486, 491 [2008]).
Plaintiff also adequately alleged breach of contract so as to invoke the six-year limitation period under CPLR 213(2). Viewing the complaint liberally, plaintiff alleged that the parties agreed to form a partnership to purchase real estate in September 2016; that defendant was "given the sum of $60,000.00 on October 5, 2016," "under the guise of purchasing and renovating real property"; that plaintiff gave the money to defendant "in furtherance of the parties' agreement to act as partners, to purchase and renovate real property"; and that defendant breached the agreement by using the money for himself rather than to purchase and renovate real property, causing a loss of $60,000 to plaintiff. These allegations sufficiently set forth facts constituting the basic elements of a breach of contract claim (see Morris v 702 E. Fifth St. HDFC, 46 AD3d 478, 479[1st Dept 2007]).
Defendant's argument that the partnership agreement was with defendant's company, Realty Consultants of New York, Inc., and not defendant is unavailing, as plaintiff's opposition to defendant's cross-motion included a copy of a record from the New York Secretary of State's office indicating that Realty Consultants was dissolved on October 26, 2016, rendering defendant potentially liable for the debt (see e.g. Indigo Secured High Income Note, Ltd. v HCI Secured Med. Receivables Special Purpose Corp., 140 AD3d 589, 590 [1st Dept 2016], lv denied 29 NY3d 1023 [2017]). That the $60,000 payment appears to have been made to "Milenio Realty Inc." does not conclusively establish a defense, in light of plaintiff's assertion that Milenio Realty Inc. does not exist (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d [*2]314, 326 [2002]; see e.g. Indigo Secured High Income Note, Ltd., 140 AD3d at 590).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 26, 2024